The bill further states that the other administrator, Jacocks, in his lifetime, did charge himself with one-half of the price bid for the negroes, and conveyed by bill of sale to the complainants all his right to them acquired or supposed to have been acquired under the purchase aforesaid; that the defendant Browne possessed himself of the negroes, and has remained in possession of them ever since, enjoying the labor of them; that the guardian of the complainants has (333) tendered to him £ 70 0 3, being the other half of the price of the negroes, and demanded possession of the slaves and an account of the profits, etc.; that the defendant has refused to receive the money and deliver up the negroes to the guardian of the complainants, etc.
The bill prays that the defendant may be decreed to convey to the complainants all his right or title to the negroes, to deliver possession of them to their guardian, and to account for the hire and profits.
The defendant by his answer admits that the negroes were sold, but alleges that a certain Exam Lawrence, who the defendant had previously requested to attend and buy the negroes for the defendant, became the purchaser for and on behalf of the defendant; that he mentioned to Jacocks, and perhaps to some others, his intention of buying the negroes and giving them to the complainants at some future day (negro boy Henry excepted), if he could settle the estate without loss or injury to himself.
He denies such agreement between Jacocks and himself as stated by the complainants. That he never intended to let them have the negro Henry; and as to the rest, they were to have them or not, as defendant *Page 258 
thought proper. That he purchased the negroes without any solicitation from the complainants, and that his declarations in their favor were voluntary, without consideration. That he always meant to reserve the power of disposing of the negroes as his discretion might direct him. He further states that he has paid $300 more than assets have come to his hands. That he is probably liable for $42.05 more, being the amount allowed the widow for one year's support — there being no crop, etc. — which allowance he is advised was not warranted by law. That, as well as he recollects, he made no declaration at the sale of the said negroes that he was purchasing them for the complainants. He denies that any part of the purchase money was paid by or charged to Jacocks; alleges that the whole was charged to and paid by himself; admits the possession of the negroes, the tender of £ 70 0 3 by the guardian (334) of complainants, but denies that he is bound to deliver up the negroes on the tender of any sum of money.
This cause was referred to the Supreme Court, on the case arising out of the bill and answer, as a case agreed.
An administrator, by accepting the appointment conferred by the law, becomes a trustee for creditors and the next of kin of the intestate. Among the latter, he is bound to distribute the personal estate, after satisfying the claims of the former, out of it.
Entrusted by law with the management of the intestate's effects, and credited by it as agent for paying debts and distributing the surplus, he is forbidden by principles of just and obvious policy to sell to andpurchase from himself. If the law were otherwise, who would (in such case) fix the price of the article sold between the seller and the buyer, when both characters united in the same person, and he interested on one side only?
The negroes in question are acknowledged by the defendant, as well as stated by the complainants, to have been the property of John D. White, the intestate. They constitute a part of the fund out of which his creditors (if any there be) ought to be satisfied. The defendant could not by a purchase for himself at his own sale avoid the payment of his intestate's debts, but would be liable to creditors to the full bona fide value of the property so sold. Nor can he by such purchase, real or pretended (it matters not which), protect himself against the claims of the complainants, but must account in like manner to them as to creditors.
The decision of this Court must, therefore, be the same whether the defendant purchased the negroes in question upon an express declaration that he was buying them for complainants, as they allege, or for himself by his agent, as he contends. *Page 259 
In either point of view, we hold that he is bound to account for the negroes and to deliver the possession of them to the complainants.
Motion to dismiss the bill overruled, and the cause retained for (335) further proceedings.
NOTE. — See acc. Boatwell v. Reynell, 3 N.C. 1; Corbin v.Waller, ibid., 108; Tomlinson v. Detestatius, ibid., 284; Ryden v. Jones,8 N.C. 497; Gordon v. Finley, 10 N.C. 239; Falls v. Torrence, 11 N.C. 412;Cannon v. Jenkins, 16 N.C. 422; Villines v. Norfleet, 17 N.C. 167.